

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEAN CHARLES TESSITORE<br>AND TAMMY TESSITORE | CIVIL ACTION<br>NO. 06-4126 |
| VERSUS | |
| CHEVRON ORNITE COMPANY<br>L.L.C, ET AL | SECTION M |

### ORDER

Before the Court is Plaintiffs' Motion to Remand which is opposed by Defendant and which came for hearing on October 11, 2006, on the briefs. After consideration of the Motion, the briefs, and the applicable law, the Court denies the Motion. Based upon this denial of the Motion to Remand, Defendant's Motion for Review of the Magistrate's Order (#30) is Denied as Moot.

### FACTS:

Plaintiffs allege that Dean Charles Tessitore, who was employed by Gulf South Hydro Blasting services, Inc., from 1984 until 1987, sustained exposure to benzene while performing pressure washing services at Chevron's Plant in Plaquemines Parish, Louisiana. Tessitore has allegedly developed Non-Hodgkin's Lymphoma.

By their Second Supplemental and Amending Complaint (#16), Plaintiffs joined



four non-diverse defendants, all employees at the plant during this time.[1]  Plaintiffs now seek to remand the case to the Civil District Court for Orleans Parish based upon lack of diversity.  Defendants oppose the motion alleging that there is no possibility that plaintiffs will establish a cause of action under Louisiana law against these four non-diverse defendants.

**ANALYSIS:**

Wayne Andrew Boudreaux, Norman Gauthreaux, and Thomas Casey Goodwynne were Maintenance Foremen within the Maintenance Department at the Plant during the period of alleged exposure.  Each stated that they nor any of the Maintenance Department employees under their supervision were responsible for developing safety policies or procedures which were implemented for the Plant.

Defendant Paul Harrison was the supervisor of the environmental and health protection department.  He stated that his job was primarily administrative, supervising safety engineers, and he was not responsible for personally directing, instructing, or supervising any Gulf South employee, nor responsible for determining whether or when any of the storage tanks, production lines, or other items needed to be cleaned, or by what method such item should be cleaned.

None of these individual defendants owed a **personal** duty to Plaintiffs simply by

---

[1]Defendant did not oppose the Second Amending Complaint, and the Magistrate Judge granted leave. (#15).  Chevron then moved to vacate the Order (#34), and the Magistrate Judge refused (#30), stating "I cannot conclude on the record before me that the amended complaint improperly joins any defendants, a question which Judge Beer will determine on the motion to remand record before him."

virtue of their individual positions held at the plant.  **See** Canter v. Koehring Co, 283 So. 2d 716 (La. 1973).   Plaintiffs must show more than a general administrative responsibility for safety conditions.  **See** Smallwood v. Illinois Central Railroad Co. 385 F3d. 568 (5th Cir. 2004).

**Accordingly**, because plaintiffs cannot establish a cause of action under Louisiana law against the four non-diverse defendants, jurisdiction exists on the basis of complete diversity, and therefore the Motion to Remand is **DENIED**. Defendant's Motion for Review of the Magistrate's Order (#30) is **DENIED** as **MOOT**.

New Orleans, Louisiana, this 27th day of November, 2006.

Peter Beer
United States District Judge